IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHERON T. JOHNSON,**

    **Petitioner,**

  v.         CASE NO. 11-3081-SAC

**STATE OF KANSAS,**
**et al,**

    **Respondents.**

### O R D E R

  This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Lansing Correctional Facility, Lansing, Kansas. The filing fee has been paid.

  Petitioner was convicted, upon his plea of no contest in the District Court of Sedgwick County, Wichita, Kansas, of First Degree Murder and Aggravated Robbery. He was sentenced on March 21, 2001, to concurrent sentences of Hard 25 to Life and 71 months. He did not directly appeal his conviction.

  In February 2002, Mr. Johnson "moved to allow the late filing of a notice of appeal" but the trial court denied his motion. Johnson v. State, 221 P.3d 1147, 1149 (Kan.App. 2009). In April 2002, Johnson moved to withdraw his nolo contendere plea, and the trial court summarily denied his motion. Id. Johnson never appealed the trial court's denial of his motion to withdraw his plea. Id. He "later testified that he had not received timely notice of the trial court's decision or any information about appealing the decision." Id. at 1150.

  On July 15, 2004, Mr. Johnson filed a motion pursuant to K.S.A. 60-1507 in the Sedgwick County District Court claiming ineffective assistance of counsel. Counsel was appointed, an evidentiary

hearing was held, and relief was denied on August 7, 2008. Johnson appealed to the Kansas Court of Appeals (KCA) which affirmed on December 11, 2009. The Kansas Supreme Court denied his Petition for Review on October 7, 2010. Mr. Johnson executed the instant federal habeas corpus petition on April 12, 2011.

As grounds for his federal petition, Mr. Johnson alleges (1) that his trial counsel's dependency on crack cocaine rendered his performance ineffective during the state criminal proceedings; (2) that trial counsel improperly induced and coerced defendant to enter an involuntary plea; and (3) that the state court's determination that trial counsel was not ineffective was "manifest injustice."

Petitioner alleges that he raised grounds (1) and (2) in his state post-conviction motion. As to ground (3), he alleges that it could not have been raised because it "is a claim of manifest injustice regarding the State's highest court determination."

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute provides, however, for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2). It appears from the procedural history set forth by petitioner that, without

2

tolling, his federal Petition is time barred.

Applying the statutory provisions to the facts of this case, the court tentatively finds that petitioner's convictions "became final" for limitations purposes on or about March 31, 2001.[1] The statute of limitations began to run on this date, and ran unimpeded until March 31, 2002.

Mr. Johnson's filing in February 2002 of a motion to docket late appeal did not toll the limitations period, because it was denied. Had it been granted, the time from March 31, 2001, might have been tolled.

His filing of the motion to withdraw his plea in April 2002, had no tolling effect because the statute of limitations had already expired in March. Even if it this motion were filed before the limitations period expired, it was summarily denied by the trial court and not appealed. Mr. Johnson does not provide the date of the trial court's decision. Petitioner's filing of his 60-1507 state post-conviction motion on July 15, 2004, did not toll the federal limitations period because it was filed years after the federal statute of limitations period had already expired.

In his federal petition, Mr. Johnson asserts that his application was timely filed. In support, he alleges that the state court "decided that defendant's application met the manifest injustice exception against being time barred (AEDPA)." He exhibits the state district court's decision on his 60-1507 motion, in which the court at the outset denied the State's Motion to Dismiss as untimely under K.S.A. 60-1507(f), which provides that an

---

[1] Petitioner had ten (10) days to file a motion to withdraw his plea, and he allowed the time to elapse.

"application for review be filed in state district court within one year." The court found, as petitioner alleges, that "it would create a 'manifest injustice' as that term is employed in K.S.A. 60-1507(f)(2) if the motion was dismissed without addressing the merits of movant's allegations." He thus alleges that the "trial court determined that petitioner's application was not time barred." Based on these allegations, he asserts that the one-year federal limitations period did not commence in his case until the Kansas Supreme Court denied his Petition for Review in connection with his 60-1507 state proceedings, which was on October 7, 2010.

As noted, the ruling by the state district court on Mr. Johnson's post-conviction motion did not grant him the right to file a direct appeal out-of-time, and in fact petitioner was denied that right. Cf. Jimenez v. Quarterman, 555 U.S. 113 (2009); Orange v. Calbone, 318 F.3d 1167 (10th Cir. 2003) (Oklahoma's "appeal out of time" proceeding was part of direct review process for purposes of 28 U.S.C. § 2244(d)(1)(A)). Thus, the state court decision did not render his conviction non-final for purposes of AEDPA's one-year statute of limitations. The Tenth Circuit has rejected the similar argument that the federal statute of limitations under § 2244 should not have commenced at the time the petitioner's conviction was "final" under § 2244(d) because the state court subsequently found that his state post-conviction motion was not time-barred under 60-1507(2). The Circuit Court reasoned that because the petitioner did not file his § 60-1507(f)(2) motion until after expiration of the time limits set by § 2244(d)(1), the filing had no tolling effect. See Bryant v. State of Kansas, 229 Fed.Appx. 797, 798 (10th Cir.

4

2007)(unpublished opinion)[2]; see also Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Here, petitioner's 60-1507 motion was filed more than two years after the time limits set by § 2244(d)(1) had expired. It follows that petitioner's allegations do not indicate his entitlement to a later start date for the federal limitations period than the date his conviction became final. The court concludes that plaintiff has not alleged facts indicating that he is entitled to any additional statutory tolling.

Nor does petitioner allege facts indicating he is entitled to equitable tolling. A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 800 (10th Cir. 2000). The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Id. (internal citations omitted); Burger v. Scott, 317

---

[2] This unpublished opinion is not cited as binding precedent but for persuasive value. See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

5

F.3d 1133, 1141 (10th Cir. 2003. "Simple excusable neglect is not sufficient." Gibson, 232 F.3d at 808.

Petitioner will be given time to show cause why this petition for writ of habeas corpus should not be dismissed as time barred under 28 U.S.C. § 2244(d)(1). If he fails to show cause within the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days to show cause why this petition for writ of habeas corpus, 28 U.S.C. 2254, should not be dismissed as time barred under 28 U.S.C. 2244(d).

**IT IS SO ORDERED.**

Dated this 23rd day of June, at Topeka, Kansas.


s/Sam A. Crow

U. S. Senior District Judge