IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHERON T. JOHNSON,

                    Petitioner,

          v.                          CASE NO.  11-3081-SAC

STATE OF KANSAS,
et al,

                    Respondents.

<u>O R D E R</u>

On June 23, 2011, upon screening this pro se § 2254 petition, the court set forth the provisions of the federal statute of limitations and applied those provisions to the tentative facts it found in this case.  The court then ordered petitioner to show cause why this action should not be dismissed as time barred under 28 U.S.C. § 2244(d).  Mr. Johnson filed a timely Response.  Having considered the Response together with the case file and the relevant legal authorities, the court finds that this action must be dismissed as time-barred.

In his Response, Mr. Johnson claims that he is entitled to equitable tolling.  In support, he alleges (1) that he was advised by his counsel that he could not appeal his plea of no contest, (2) that his plea counsel failed to execute an appeal claiming that plea counsel himself was ineffective and had coerced Mr. Johnson into entering a plea, (3) that his plea counsel was suffering from a cocaine addiction and on probation supervision during the state proceedings, (4) that the State "statutorily sabotaged"

petitioner's efforts to adjudicate his claim of coercion because
K.S.A. § 60-1507 cannot be used as a second appeal or as a motion
to withdraw plea, and (5) that it took petitioner "more than a
couple years" to uncover the facts about his trial counsel's
addiction because as an inmate he has very limited resources to
ascertain such facts and these facts were covered up by attorneys
and judges on the judicial committee appointed to investigate
attorney improprieties.  Petitioner alleges that "the only way" he
uncovered these facts was upon his attorney's eventual suspension
due to his addiction and failure to successfully complete a
recovery program.  He also argues that it would be a "manifest
injustice" to dismiss his application because he is innocent of the
crimes to which he pled.

Equitable tolling is only available when an inmate
diligently pursues his claims and demonstrates that the failure to
timely file was caused by "extraordinary circumstances beyond his
control."  The Tenth Circuit has stated that equitable tolling
would be "appropriate, for example, when a prisoner is actually
innocent, when an adversary's conduct--or other uncontrollable
circumstance--prevents a prisoner from timely filing, or when a
prisoner actively pursues judicial remedies but files a defective
pleading during the statutory period."  Burger v. Scott, 317 F.3d
1133, 1141 (10th Cir. 2003).

The court finds that Mr. Johnson has not established that
he pursued his rights diligently throughout the limitations period.
Although petitioner expresses his belief that he proceeded with

diligence once he began to pursue his claims, he does not explain what efforts he made on any of the 365 days during which the federal statute of limitations ran in this case, which is from on or about March 31, 2001 through March 31, 2002.

The court further finds that Mr. Johnson has not met his burden of establishing that some "rare and extraordinary circumstances" beyond his control prevented him from filing his federal petition in a timely manner. The circumstances he describes regarding counsel's advice with respect to direct appeal of his plea, plea counsel's failure to file a notice of appeal, and the limitations on motions under K.S.A. § 60-1507 are neither rare and extraordinary nor are they shown to have rendered it beyond Mr. Johnson's control to timely exhaust available state court remedies and file a federal petition. With regard to the circumstance that his plea counsel was using cocaine, Mr. Johnson does not allege any facts showing that this actually prevented him from pursuing his state or federal remedies in a timely manner. Petitioner alleges no facts whatsoever in his Response establishing that the acts or omissions of his plea counsel actually prevented him from filing a timely motion to withdraw plea, or to appeal the denial of the motion to withdraw that he did file, or from filing a 60-1507 motion before he did so in 2004. It follows that Mr. Johnson has not established that he is entitled to equitable tolling on this

basis.[1]

Some of petitioner's allegations in his Response might be construed as asserting that he is entitled to a later start date of the limitations period under 28 U.S.C. § 2244(d)(1)(B) or (D).[2] For example, petitioner's allegations that his plea counsel failed to file a timely notice of appeal[3] and advised him that he could not appeal might be construed as a claim that petitioner was impeded by his counsel from diligently pursuing a direct appeal.

---

[1]   It seems safe to assume that if Mr. Johnson was unaware of his counsel's addiction prior to the suspension action, he did not witness any unconstitutional prejudicial effects of that addiction.  The state trial court held an evidentiary hearing on petitioner's claims of ineffective assistance of counsel because counsel was using cocaine.  The opinion on appeal of the KCA shows that they heard the allegations petitioner makes here as to his attorney's ineffective acts and omissions.  The state courts ruled that Mr. Johnson had not shown any prejudice as a result of his attorney's addiction; but was, in effect, unconvincingly arguing that a cocaine addicted attorney was per se a constitutional violation.  In this case, petitioner also utterly fails to allege facts showing that he was prejudiced as a result of his attorney's addiction.

[2]   These subsections pertinently provide:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

                          * * *

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

                          * * *
or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[3]   Of course, plea counsel would not litigate a direct appeal in which the defendant claimed that his plea counsel had been ineffective.  Instead, in a case in which an appeal is allowed, the notice of appeal should be accompanied by a motion to appoint counsel.

However, Mr. Johnson shows neither that his counsel's advice on this matter was incorrect nor that under Kansas law he was entitled to directly appeal his conviction based upon his plea.  When Mr. Johnson did attempt to file a notice of appeal out of time, it was denied.  When petitioner filed a motion to withdraw plea, it was denied and he did not appeal.  The court finds these facts do not entitle Mr. Johnson to a later start date.

Petitioner's assertion that the State "statutorily sabotaged" his efforts to adjudicate his coercion claim because K.S.A. § 60-1507 cannot be used as a second appeal or as a motion to withdraw plea, does not entitle him to a later start date.  As noted, Mr. Johnson did not pursue the appropriate state remedy at the right time.  The limitations on § 60-1507 motions are not shown to have unlawfully or unfairly prevented petitioner from challenging the voluntariness of his plea or the legality of his state conviction.   Furthermore, Mr. Johnson was allowed to challenge his plea and conviction in 1507 proceedings.

Petitioner's allegations that it took him "more than a couple years" to uncover the facts about his trial counsel's addiction due to petitioner's very limited resources and a cover-up might be construed as an argument that he is entitled to a start date of when the facts of counsel's addiction were, or with reasonable diligence could have been, discovered by him. Petitioner alleges that he only discovered these facts when his

attorney was suspended; however, he provides no dates.[4]   Thus, petitioner has not established that he could not have discovered the facts underlying his ineffective assistance of counsel claim in time to exhaust his state remedies and file his federal petition within the limitations period.   Furthermore, petitioner does not allege any facts indicating how the addiction of his plea counsel adversely affected either the state criminal proceedings themselves or, more significantly at this juncture, his ability to file his federal petition within the one-year statute of limitations.

Unfortunately, Mr. Johnson's claims of ineffective assistance of counsel were not raised in state court until after his conviction had become "final" and the one-year limitations period had already expired.   Consequently, petitioner forfeited his right to have his allegations regarding his plea counsel's conduct heard in federal court.   The limitations period was not statutorily tolled while Mr. Johnson litigated his 1507 motion because he did not file that motion until more than one year after his conviction became final.   See Davis v. Rudek, ___F.3d___, 2011 WL 2679616 (10th Cir. July 11, 2011)(The district court concluded Davis's convictions became final on November 2, 2007, because he did not attempt to withdraw his guilty plea or file a direct appeal.   See Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001).   The district court further concluded the one-year statute of

---

[4]   The KCA's opinion cited herein indicates that Phillips was suspended in October 2001, which was months not years after petitioner's conviction became final in March 2001.

limitations period was not statutorily tolled while Davis sought state post-conviction relief because he did not pursue that avenue of relief until April 24, 2009, more than one year after his convictions became final.   Id. at 1142-43.).   Petitioner's allegations do not indicate his entitlement to a later start date for the federal limitations period than the date his conviction became final.

　　　Petitioner alleges that he is entitled to equitable tolling because he is innocent.  In Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998), the Circuit Court contemplated that extraordinary circumstances, i.e., "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent," may warrant equitable tolling of the § 2244(d)(1) limitation period.  Id.  To prevail on a claim of actual innocence justifying equitable tolling of the limitation period, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Bousley v. United States, 523 U.S. 614, (1998)(internal quotations omitted).  To be credible, such a claim requires the habeas petitioner to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.  Because "such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  Schlup v. Delo, 513 U.S. 298, 324 (1995).   Petitioner has provided no new,

significant evidence of his innocence to this court.  The court concludes that Mr. Johnson has not alleged facts indicating that he is entitled to any additional statutory or equitable tolling.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed as time-barred.

**IT IS SO ORDERED.**

Dated this 29th day of July, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge